## The Cassius.

### Charnock v. The Cassius.

(*Circuit Court, E. D. Louisiana.* January 24, 1890.)

1. ADMIRALTY—APPEAL—EFFECT.
    By appeal from the district court, a libelant opens the whole case, and he cannot be allowed to claim the benefit of the decree below, and also try his fortunes in the circuit court. Following *The Hesper,* 18 Fed. Rep. 696.

2. SAME—COSTS.
    Rev. St. U. S. § 968, providing that where "a libelant, upon his own appeal, recovers less than three hundred dollars, exclusive of costs, he shall not be allowed, but at the discretion of the court may be adjudged to pay, costs," relates to all the costs affected by the appeal.

In Admiralty. Appeal from district court.
*Miller & Finney,* for libelant.
*Hornor & Lee,* for claimant.

PARDEE, J. The case shows that the libelant had a consignment of 8,800 bundles of cotton ties by the steam-ship Cassius. At or about the time of arrival, he sold the entire consignment to four different parties, to-wit: To Richardson & May, 500 bundles; to Bryan & Miles, 300 bundles; to William Dillon, 4,900 bundles; and to Messrs. H. & C. Newman, 2,900 bundles. These purchasers gave orders for these cotton ties in lots to different persons, some to be delivered for shipment by railroad, others to various merchants in the city, and some to their respective warehouses. The practice of receiving and delivering the cotton ties was to send orders through draymen, to whom, on presentation of the orders,

were delivered the ties called for, which was done·by the officers of the ship, under the inspection of the revenue officers; the drayman giving a receipt to the ship for each lot received. Mr. William Dillon, on counting his tickets received from the drayman, but not counting the ties, (which was practically impossible by reason of the deliveries as aforesaid to various parties,) found himself 100 short. In one dray-load which was counted he found 3 bundles over. Crediting the 3 bundles, he made a shortage of 97 bundles. It is for this shortage that the libel is brought. Under the conceded facts in the case, the issue is brought down to the question of one certain delivery to Drayman Cloutman of 100 bundles. The claimant produces what purports to be the receipt of Cloutman for 225 bundles,—one lot of 125; one lot of 100. The drayman swears that he received the lot of 125, but did not receive the lot of 100. The mate of the ship swears positively that he delivered both lots to the drayman. The United States inspectors testify positively that the entire consignment of 8,800 bundles to libelant Charnock was delivered to the various draymen who came and presented orders, that they verified the count, and that the full 8,800 bundles were delivered. The weight of the evidence seeems to bein favor of the claimant, and it seems to be clear that the libelant has failed to prove his case. The case shows, further, that on board the ship there were consignments of cotton ties amounting in all to 11,000 bundles; that all of these ties were delivered, and the count verified by the customs officers; and that after such delivery there were 83 bundles surplus, which were put in the government warehouse, and on this extra lot the government claimed duties. It seems that before the libel was brought the agent of the ship tendered to libelant these 83 bundles. The judgment of the district court was that the libelant should recover from claimant these 83 bundles, subject to government duties, but not warehouse charges, and that the costs of the district court should be divided between the libelant and the claimant. The libelant appealed from that judgment, and thereby opened the whole case. "Where libelants appealed, the appeal opened the whole case. They cannot be allowed to claim the benefit of the decree below, and, standing secure on that, try their fortunes in this court." *Saratoga v. 438 Bales of Cotton*, 1 Woods, 75. See *The Hesper*, 18 Fed. Rep. 696.

There seems to be no good reason why the claimants should be compelled to pay costs when the court finds, as is done in this case, that the ship made full delivery. It may be that section 968, Rev. St., providing that where "a libelant, upon his own appeal, recovers less than three hundred dollars, exclusive of costs, he shall not be allowed, but at the discretion of the court may be adjudged to pay, costs," relates to all the costs affected by the appeal. For these reasons it is ordered, adjudged, and decreed that the libelant, Henry Charnock, be recognized and declared as the owner of 83 bundles of cotton ties *ex* steam-ship Cassius. now in bonded warehouse; that said libelant take nothing further by said libel; and that he do pay the costs of the circuit and district courts to be taxed, and for which execution may issue after five days from signing this decree.